**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOAN A. DEMAREST, an Individual, | No. 10-56062 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01687-MMM-SS |
| v. | |
| OCWEN LOAN SERVICING, LLC, a Delaware Limited Liability Company; et al., | MEMORANDUM[*] |
| Defendants - Appellees, | |
| and | |
| QUICK LOAN FUNDING, INC., a California Corporation; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted September 10, 2012[]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Joan A. Demarest appeals pro se from the district court's summary judgment in her action arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a summary judgment order. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We review for an abuse of discretion the application of judicial estoppel. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment on Demarest's Truth in Lending Act ("TILA") claim seeking rescission because Demarest failed to raise a genuine dispute of material fact that she could tender the proceeds of the loan in the event that the court granted her this remedy. *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171 (9th Cir. 2003) (district court has the discretion to condition rescission under TILA on tender by the borrower)

The district court did not abuse its discretion by applying judicial estoppel to Demarest's TILA damages claim because she attempted to pursue the claim without having disclosed it during her bankruptcy proceedings. *See Hamilton*, 270

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d at 784 ("Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." (citation omitted)).

The district court did not err by failing to consider Demarest's claim under the Real Estate Settlement Procedure Act because Demarest did not raise this claim until her opposition to summary judgment. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (no error for refusing to consider claims raised for the first time in opposition to summary judgment).

Contrary to Demarest's contentions, she is responsible for the consequences of her attorneys' alleged negligence. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.").

We do not consider matters not specifically raised and argued in the opening brief, or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**